# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARLENE HARTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:14-cv-1067 (JCH) |
| | ) |
| BIG LOTS STORES, INC., | ) |
| and BETTER PROPERTY, LLC, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Darlene Harter's ("Harter") Motion to Remand to State Court, filed on August 12, 2014. (ECF No. 13). Defendant Big Lots Stores, Inc. ("Big Lots") filed a timely response. Harter has filed no reply, and the time to do so has passed.

Harter initiated this action by filing a Petition in the Circuit Court of St. Francois County, State of Missouri. (Petition, ECF No. 4). Big Lots removed the action to this Court on June 9, 2014 on the basis of diversity jurisdiction. (Removal Notice, ECF No. 1). Big Lots claims it is a citizen of Ohio and that Harter is a citizen of Missouri. *Id.* ¶¶ 2-8. On August 1, 2014, Harter filed an Amended Complaint to join Defendant Better Property, LLC ("Better Property"). (Amended Complaint, ECF No. 11). Harter did not seek the Court's leave to amend her Petition, but the Court added Better Property as a defendant on August 4, 2014. Big Lots already has filed an Answer to the Amended Complaint. (Answer, ECF No. 12). Harter filed this Motion to Remand after Big Lots filed its Answer. Although no grounds for remand are stated explicitly, Harter seems to imply that the joinder of Better Property has destroyed complete diversity.

It would be inappropriate to remand this case based on the joinder of Better Property because the joinder occurred without a full examination of its potential effect. While in an

ordinary case plaintiffs are freely given leave to amend their complaints, district courts are required to scrutinize a post-removal amendment more carefully when it would destroy subject matter jurisdiction. *Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 309 (8th Cir. 2009) ("The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." (quoting *Hensgens v. Deere & Co.*, 833 F.2d 1179, 1182 (5th Cir. 1987))). Because of this obligation to scrutinize jurisdiction-destroying amendments more closely, a district court may reconsider its earlier decision to permit joinder when it granted permission without notice that the joinder would destroy complete diversity. *See id.* at 307.

Here, the Court implicitly accepted Harter's Amended Complaint by joining Better Property as a defendant, but it did so without notice that Better Property might destroy its jurisdiction. Harter filed no motion for leave to amend and therefore deprived Big Lots of an opportunity to point out the potential effect of Better Property's joinder. Also, the Amended Complaint itself and Harter's Motion to Remand contain no facts relevant to Better Property's citizenship. The Amended Complaint alleges only that "Defendant, Better Property, LLC, is a Missouri corporation and was doing business in St. Francois County, State of Missouri." (Amended Complaint ¶ 1). The Motion to Remand, which was filed eight days after the Court added Better Property as a defendant, states that Better Property "is a Missouri corporation with its principal office at 516 Castle Terrace Court, Ballwin, MO 63021." (Motion to Remand ¶ 2). In short, the Court did not have a full opportunity to consider the propriety of joining Better Property, and the Amended Complaint therefore cannot be allowed to remain in effect. Without the Amended Complaint, there is no basis for remand.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Darlene Harter's Amended Complaint, (ECF No. 11), and Defendant Big Lots Stores, Inc.'s Answer to the Amended Complaint, (ECF No. 12), are **STRICKEN.**

**IT IS FURTHER ORDERED** that Defendant Better Property, LLC is **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** that Harter has **7 DAYS** from the date of this Order to file a motion for leave to amend her Petition if she wishes to amend it. Any such motion must discuss the propriety of joining any potential party sought to be joined and include factual allegations relevant to the citizenship of Harter, Big Lots, and any potential party sought to be joined. Big Lots will then have **7 DAYS** from the filing of any such motion to file a response, and Harter will have **7 DAYS** from the filing of any response to file a reply.

**IT IS FINALLY ORDERED** that Harter's Motion to Remand to State Court, (ECF No. 13), is **DENIED WITHOUT PREJUDICE**.

Dated this 27th day of October, 2014

/s/ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE